## Susan B. Edson v. The Pennsylvania Company.

1. COMMON CARRIERS—*Liability for Loss of Baggage.*—A common carrier is not exempt from liability for a loss of baggage which takes place because of an act of God, if such carrier has been guilty of any previous negligence or misconduct, which brings the property in contact with the destructive force, or unnecessarily exposes it thereto.

2. SAME—*Liability of, for Loss of Baggage—Showing Necessary Where Loss is Caused by act of God.*—In a suit against a common carrier for the value of lost baggage, an admission that the loss was caused by an act of God relieves the defendant from its liability as an insurer of safe delivery, and in order to again impose upon it the presumption of liability the plaintiff must furnish proof of concurring negligence.

**Assumpsit**, for the value of baggage. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 26, 1897.

KNIGHT & BROWN, attorneys for appellant.

GEORGE WILLARD, attorney for appellee.

It was stipulated " that the trunk and contents sued for in this case were lost in the Johnstown flood."

Under this stipulation the burden of proving concurring negligence was, of course, on the appellant. Railroad v. Reeves, 10 Wall. 176.

. MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant to recover the value of a trunk and contents, lost while in possession of appellee as a common carrier.

Appellant delivered the trunk to appellee on May 30, 1889, at Chicago, for transportation to New York, and it was placed upon appellee's train, which left Chicago on the same day for the point of destination. The train reached the village of Connemaugh at about 10:40 A. M. of the 31st, and was unavoidably prevented from further progress by reason of a wash-out of the tracks to the eastward. It remained at Connemaugh until about 4 o'clock in the afternoon of that day. At about that time an artificial dam on the south fork of the Connemaugh river gave way, and a great volume of water was thereby let into the valley of the Connemaugh, which, rushing down the narrow valley, caused what is known as the Johnstown flood, by which the baggage car containing appellant's trunk was carried away and destroyed. It is uncontroverted that the train could not have proceeded eastward from Connemaugh. The road descended lower into the valley to the westward and a great portion of the disaster caused by the flood occurred west of Connemaugh, at Johnstown. It would seem, however, from the light of after events, that if the train had been moved to some certain spot to the west of Connemaugh (and not too far west) it might have avoided the disaster.

At the conclusion of the evidence for plaintiff, appellant, the trial court directed a verdict for defendant, appellee; and this action of the court is assigned as error.

That the Johnstown flood, by which appellant's trunk

was destroyed, was, in contemplation of law, an act of God, is not disputed. Appellant's contention rests upon the proposition of law that a common carrier is liable for loss of baggage in its possession, when such loss is due not solely to an act of God, but to an act of God combined with the negligence of the carrier; and upon the further proposition that the record here so far shows negligence on the part of appellee in bringing the property of appellant in contact with the flood, as to warrant the submission of the question of such negligence as a ground of liability to the jury.

The proposition first stated is amply sustained by Wald v. P., C., C. & St. L. R. R. Co., 162 Ill. 545.

There is a conflict of authorities in the earlier decisions upon the liability of a common carrier in cases where loss has occurred through act of God, and there has been negligence on the part of the carrier by way of delay in transportation which operated to subject the property to the force causing such loss. But the question is well settled by the decision in Wald v. P., C., C. & St. L. R. R. Co., *supra*, wherein Chief Justice Magruder, in delivering the opinion, and after a thorough review of the authorities, announces the conclusion that " a common carrier is not exempt from liability for a loss which takes place because of an act of God, if such carrier has been guilty of any previous negligence or misconduct, which brings the property in contact with the destructive force of the *actus Dei*, or unnecessarily exposes it thereto."

We have then, to consider whether there is evidence in the record which shows negligence on the part of appellee.

No negligence is claimed by appellant in the management of the train up to the time of its arrival at Connemaugh. It being undisputed that no progress could be made to the eastward, and up out of the valley, it leaves only a question as to any duty, shown by the evidence, to move back toward the west. Appellant offered no evidence upon this point, except the depositions of certain witnesses, which depositions had been taken on behalf of appellee. The only evidence is that elicited by the cross-examination of those witnesses. From their testimony it appears that at the

time in question Connemaugh seemed to the employes of appellee to be the safest available place at which the train could be held.   One witness (Diggett) testifies that efforts were made to send messages to Johnstown to warn people there " to look out for the worst."

It is difficult to perceive why reasonably cautious persons should move a train back into the valley toward Johnstown, which was then viewed as a point of great possible danger.   The fact that subsequent events showed that had the train been moved a part of the way toward Johnstown it would have escaped, is no criterion by which to measure the duty of appellee's employes.   Hare, one of the trainmen, testified :   " I knew that the tracks were in bad condition toward Johnstown, but I thought, and think yet, that we were in the safest place in the position occupied by us in the yard."

Counsel for appellant cite the case of Wald v. P., C., C. & St. L. R. R. Co., *supra*, as sustaining their contention that this cause presents such question of negligence as should be submitted to a jury.   But there is a clear distinction between the facts appearing in that case and those disclosed by the record here.   In the former case, there was a conflict of evidence, and there was some evidence tending to show that the carrier had been guilty of a breach of its implied contract to carry promptly and in due course of business, and that it had been guilty of negligence in permitting an unnecessary delay in transportation, which operated to bring the baggage in the way of the destroying force.

No such question appears here.   There is no conflict of evidence in this case.

The admitted fact of the loss of the trunk in the flood excused appellee from its liability as an insurer of safe delivery.   In order to again impose upon it the presumption of liability, it devolved upon appellant to furnish proof.

The only question for the trial court to determine was whether any act or omission on the part of appellee appeared from the evidence, upon which negligence could be predicated.

In determination of that question, the court directed the jury to find for the defendant, the appellee here. No other and different verdict could properly have been rendered, or, if rendered, have been permitted to stand.

The judgment is affirmed.